UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**308CV01419 AWT**

| | |
|---|---|
| ROBERTO, ANTHONY A. | : CIVIL ACTION NO.: |
| Plaintiff | : |
| v. | : |
| | : |
| KEMPER SPORTS BLOOMFIELD, LLC | : |
| KEMPER SPORTS MANAGEMENT, INC. | : |
| Defendants | : SEPTEMBER 18, 2008 |
| | : |

## COMPLAINT

This is an action to recover monies due and owing to the plaintiff from the defendant employer, Kemper Sports Management, Inc. and Kemper Sports Bloomfield, LLC. Plaintiff, a non-exempt, hourly employee of the defendants, seeks to recover overtime pay for hours that he worked in excess of forty (40) in a week as well as other compensation due and owing to him. This court has jurisdiction over this matter pursuant to 29 U.S.C. §201 et seq., 29 U.S.C. §216(b), 28 U.S.C. §1331 and 28 U.S.C. §1367(b). Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**COUNT ONE (Fair Labor Standards Act – all Defendants)**

1. The plaintiff, **Anthony Roberto**, is a citizen of the United States and the State of Connecticut and resides at 176 Woodpond Road, South Windsor, CT 06074.

2. Defendant **Kemper Sports Management, Inc.** ("Kemper"), is a corporation organized and existing under the laws of the State of Illinois with executive offices at Suite 444, 500 Skokie Boulevard, Northbrook, Illinois.

3. At times pertinent to this case, Kemper operated a place of business at Gillette Ridge Golf Course in Bloomfield, Connecticut. Kemper's Bloomfield operation was under an entity entitled **Kemper Sports Bloomfield, LLC**. The sole member of Kemper Sports Bloomfield, LLC is Kemper Sports Management, Inc. of Northbrook, Illinois ("Kemper Bloomfield").

4. Kemper has organized itself into a number of subsidiary entities for its own purposes. In Connecticut, it has formed defendant Kemper Sports Bloomfield, LLC. Kemper Sports Management, Inc. directs and manages the business and affairs of this subsidiary.

5. Kemper and its subsidiaries constitute an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(r)(l) & (s). Kemper is an employer of the plaintiff within the meaning of §203 of the Fair Labor Standards Act.

6. The named plaintiff Anthony Roberto, was employed by the defendants as a golf professional from approximately March 15, 2006 through December 21, 2007. Anthony Roberto was a resident of the State of Connecticut residing in South Windsor.

7. The defendants required Anthony Roberto to sign a letter offer (attached to this complaint as <u>Exhibit A</u>). Defendants required Mr. Roberto to sign the letter offer as a condition of working for the defendants.

8. Although the letter of offer specified that Mr. Roberto would receive three (3%) percent of all merchandise sales, he was denied much of that income by the refusal of Kemper to order merchandise such as Titleist golf balls.

9. Although the letter of offer specified that Mr. Roberto would have the opportunity to teach and receive one hundred (100%) percent of the instruction fees, he was not allowed the time to give lessons and, therefore, was denied the instruction fees.

10. Although the letter of offer specified that Mr. Roberto would earn fourteen (14) vacation days per year, he was not allowed to take vacation time and was not paid his accumulated vacation time upon his severance of employment from the defendants. Similarly, Mr. Roberto was not "primarily responsible" for tournament sales and operations or for golf shop "staffing".

11. The defendants are engaged in the business of golf course operations and management.

12. The letter of offer was a sham purposely designed to deny Anthony Roberto overtime pay to which he was statutorily entitled.

13. From the date of employment at Gillette Ridge, Mr. Roberto has regularly worked more than 40 hours per work week, but has not been paid time and one-half (1-1/2) his respective regularly hourly rate for work hours in excess of 40 hours in any work week.

14. The defendants refused to pay plaintiff overtime on various unlawful pretenses, including that he was a supervisor and directed the activities and employment of two or more full

time employees, that he had the authority and discretion to hire and fire employees, that his duties were management rather than non exempt activities, and that head golf professionals are not entitled to overtime.

15. The conduct of the defendants in requiring Mr. Roberto to sign the letter of offer with the intention of causing Mr. Roberto to lose his statutory entitlement to overtime pay, was a willful violation of the Fair Labor Standards Act. The conduct of defendants in providing Mr. Roberto with false excuses for not paying required overtime was a willful violation of the Fair Labor Standards Act.

16. The conduct of the defendants in not paying the plaintiff overtime pay for hours worked in excess of 40 hours in a week were willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

17. As a result of the defendants' actions, plaintiff has been denied the pay to which he is entitled by federal law and has been forced to engage counsel to vindicate his rights

**COUNT TWO (Conn. Gen. Stat. §31-68; all Defendants)**

18. Paragraphs 1 through 14 of Count One are hereby repeated and restated as if fully set forth in this Count Two.

19. Defendants Kemper and Kemper Bloomfield are employers within the meaning of Connecticut General Statutes §31-58(e).

20. Defendants have willfully and intentionally failed to comply with Connecticut's wage and hour laws.

21. Mr. Roberto is entitled to recover double the unpaid overtime pay plus attorneys' fees from the defendants.

## **PRAYER FOR RELIEF**

Wherefore, the plaintiff claims:

1. Back pay from March 15, 2006 to December 21, 2007;

2. Unpaid overtime compensation from March 15, 2006 to December 21, 2007;

3. Liquidated damages pursuant to 29 U.S.C. §201 et seq.;

4. Interest, costs and attorneys' fees pursuant to 29 U.S.C. §216(b)and C.G.S. §31-68.

5. Double damages on all lost overtime wages pursuant to 29 U.S.C. §216(b) and C.G.S. §31-68.

5. An order requiring the defendants to post notices at all of Kemper's work sites and on its web sites notifying all employees that the defendants have willfully violated the Fair Labor Standards Act; and

6. Such other relief as the court may deem just and proper.

```
                    PLAINTIFF
                    ANTHONY A. ROBERTO

                    By: _____
                    Wayne Christopher Gerlt
                    Gerlt Law, LLC
                    His Attorney
                    Fed. Bar #: CT 07662
                    112 Deming Street - P.O. Box 1132
                    South Windsor, CT 06074
                    (860) 644-2565 / Fax: (860) 644-2567
                    e-mail: wcgesq@gmail.com
```

## JURY DEMAND

The plaintiff hereby demands a trial by jury of this action.

> PLAINTIFF
> ANTHONY A. ROBERTO
>
> By: *(signature)*
> Wayne Christopher Gerlt
> Gerlt Law, LLC
> His Attorney
> Fed. Bar #: CT 07662
> 112 Deming Street - P.O. Box 1132
> South Windsor, CT 06074
> (860) 644-2565 / Fax: (860) 644-2567
> e-mail: wcgesq@gmail.com